# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

PARKERVISION, INC.,

    *Plaintiff*,

       v.

TEXAS INSTRUMENTS INCORPORATED,


    *Defendant*.

Case No. 6:23-cv-00384-ADA




JURY TRIAL DEMANDED


# TEXAS INSTRUMENTS INC.'S OPPOSED MOTION TO TRANSFER VENUE
# PURSUANT TO 28 U.S.C. § 1404(a)

## Table of Contents

I.  INTRODUCTION ................................................................................................ 1

II.  FACTS ............................................................................................................... 2

   A.  Plaintiff ParkerVision ................................................................................. 2

   B.  Defendant TI ............................................................................................... 3

III.  LEGAL STANDARD ........................................................................................ 3

IV.  THIS CASE SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF TEXAS .......................................................................................................... 5

   A.  This Case Could Have Been Brought In the Northern District Of Texas ........................... 5

   B.  The Private Interest Factors Favor Transfer To The Northern District Of Texas .............. 5

      1.  The Attendance Of Willing Witnesses Strongly Favors Transfer .................................. 5

      2.  The Relative Ease Of Access To Sources Of Proof Strongly Favors Transfer ................ 9

      3.  The Availability of Compulsory Process Favors Transfer ............................................. 11

      4.  "All Other Practical Problems" Is Neutral Or Favors Transfer .................................... 12

   C.  The Public Interest Factors Favor Transfer To The Northern District Of Texas .............. 13

      1.  The Local Interest Factor Strongly Favors Transfer To The Northern District Of Texas. .................................................................................................................. 13

      2.  The Administrative Difficulties Flowing From Court Congestion Is Neutral And Cannot Outweigh The Showing Of Convenience ........................................................... 14

      3.  Familiarity With The Governing Law And Conflicts Of Law Are Neutral .................. 15

V.  CONCLUSION ................................................................................................. 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Acer Am. Corp.*,
626 F.3d 1252 (Fed. Cir. 2010)................................................................................7

*Action Indus., Inc. v. U.S. Fid. & Guar. Co.*,
358 F.3d 337 (5th Cir. 2004) ...................................................................................4

*Aguilar-Ayala v. Ruiz*,
973 F.2d 411 (5th Cir. 1992) .................................................................................12

*In re Apple Inc.*,
979 F.3d 1332 (Fed. Cir. 2020)..............................................................................10

*In re Apple Inc.*,
No. 2020-127, 2020 WL 3249953 (Fed. Cir. June 16, 2020) ...............................4, 6

*Apple Inc. v. Parus Holdings Inc.*,
2023 WL 2388047 (Fed. Cir. Mar. 7, 2023) ...........................................................8

*In re Apple, Inc.*,
581 F. App'x 886 (Fed. Cir. 2014) ......................................................................4, 7

*Auto-Dril, Inc. v. Nat'l Oilwell Varco, L.P.*,
No. 6:15-cv-00091, 2016 WL 6909479, at *7 (W.D. Tex. Jan. 28, 2016); ...........4, 6

*City of New Orleans Emps.' Ret. Sys. ex rel. BP P.L.C. v. Hayward*,
508 F. App'x 293, 297 (5th Cir. 2013)....................................................................9

*Collaborative Agreements, LLC. v. Adobe Sys. Inc.*,
No. 14-CV-356, 2015 WL 10818739 (W.D. Tex. Aug. 21, 2015)........................10

*Datascape, Ltd. v. Dell Techs., Inc.*,
No. 6:19-cv-00129-ADA, 2019 WL 4254069 (W.D. Tex. June 7, 2019) ...............8

*Def. Distrib. v. Bruck*,
30 F.4th 414 (5th Cir. 2022) ..................................................................................14

*Fintiv Inc. v. Apple Inc.*,
No. 6:18-cv-00372-ADA, 2019 WL 4743678 (W.D. Tex. Sep. 10, 2019) ............10

*Gemalto S.A. v. CPI Card Grp. Inc.*,
No. 15-CA-0910, 2015 WL 10818740 (W.D. Tex. Dec. 16, 2015) .......................11

*In re Genentech, Inc.*,
566 F.3d 1338 (Fed. Cir. 2009)...................................................................... *passim*

*Gesture Tech. Partners, LLC v. Apple Inc.*,
No. 6:21-cv-00121-ADA, 2022 WL 3592451 (W.D. Tex. Aug. 22, 2022) ......................8, 14

*In re Google Inc.*,
No. 2017-107, 2017 WL 977038 (Fed. Cir. Feb. 23, 2017) ......................................................6

*In re Google LLC*,
58 F.4th 1379 (Fed. Cir. 2023) ...................................................................... *passim*

*In re Google LLC*,
No. 2021-178, 2021 WL 5292267 (Fed. Cir. Nov. 15, 2021) ................................................10

*In re Hoffman-La Roche, Inc.*,
587 F.3d 1333 (Fed. Cir. 2009)...........................................................................12, 13

*In re HP Inc.*,
No. 2018-149, 2018 WL 4692486 (Fed. Cir. Sep. 25, 2018) .........................................5, 8, 11

*Jawbone Innovations, LLC v. Google LLC*,
No. 6:21-cv-00985-ADA, 2022 WL 12078627 (W.D. Tex. Oct. 20, 2022).........................12

*Lionra Tech. Ltd. v. Apple Inc.*,
No. 22-cv-351, Dkt. 73 (W.D. Tex. May 9, 2023) ....................................................................4

*LoganTree LP v. Apple Inc.*,
No. 6:21-cv-00397-ADA, 2022 WL 1491097 (W.D. Tex. May 11, 2022) ..............................8

*MasterObjects, Inc. v. Facebook, Inc.*,
No. 6:20-cv-00087-ADA, ECF No. 86 (W.D. Tex. July 13, 2021)..........................................8

*In re Microsoft Corp.*,
No. 2023-128, 2023 WL 3861078, slip op. (Fed. Cir. Jun. 7, 2023)......................................10

*Mullen Indus. LLC v. Apple Inc.*,
No. 22-cv-00145-ADA, 2023 WL 1486201 (W.D. Tex. Jan. 30, 2023) ..................................8

*In re Nintendo Co., Ltd.*,
589 F.3d 1194 (Fed. Cir. 2009).................................................................................................4

*ParkerVision, Inc. v. MediaTek, Inc.*,
6:23-cv-00375 (W.D. Tex.) ...............................................................................................12, 13

*ParkerVision, Inc. v. MediaTek, Inc.*,
6:23-cv-00732 (W.D.Tex.) ................................................................................................12, 13

*ParkerVision, Inc. v. NXP Semiconductors NV.*,
   6:23-cv-00389 (W.D. Tex.) .................................................................12, 13

*ParkerVision, Inc. v. Realtek Semiconductor Corp.*,
   6:23-cv-00374 (W.D.Tex.) ..................................................................12, 13

*In re Planned Parenthood Fed. of Am., Inc.*,
   52 F.4th 625 (5th Cir. 2022) ..................................................................4, 13

*Polaris Innovations Ltd. v. Dell, Inc. and Nvidia Corp.*,
   No. 16-cv-451, 2016 WL 7077069 (W.D. Tex. Dec. 5, 2016) ...................8

*In re Samsung Elecs. Co., Ltd.*,
   2 F.4th 1371 (Fed. Cir. 2021) .................................................................9, 13

*Scramoge Tech. Ltd. v. Apple Inc.*,
   No. 6:21-cv-00579-ADA, 2022 WL 1667561 (W.D. Tex. May 25, 2022) .............................8

*Silent Comm. LLC v. Adobe Inc.*,
   No. 22-cv-00527-ADA, 2023 WL 4167753 (W.D. Tex. Jun. 22, 2023) ...................9

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   581 U.S. 258 (2017)..................................................................................5

*Togail Tech. Ltd. v. Apple Inc.*,
   No. 22-cv-00326-ADA, 2023 WL 2958607 (W.D.Tex. Apr. 5, 2023) ...................8

*In re Toyota Motor Corp.*,
   747 F.3d 1338 (Fed. Cir. 2014)...............................................................4

*In re TS Tech USA Corp.*,
   551 F.3d 1315 (Fed. Cir. 2008)...............................................3, 5, 7, 15

*In re Uber Techs.*,
   No. 2021-150, 2021 WL 2834574 (Fed. Cir. July 8, 2021).......................9

*Uniloc USA, Inc., and Uniloc Luxembourg, S.A., v. Apple Inc.*,
   No. 18-cv-990, 2019 WL 2066121 (W.D. Tex. Apr. 8, 2019) ...............8, 9

*Uniloc USA Inc. v. Box, Inc.*,
   No. 17-CV-754, 2018 WL 2729202 (W.D. Tex. June 6, 2018) ..................10

*Via Vadis, LLC and AC Technologies, S.A., v. Netgear, Inc.*,
   No. 14-cv-809, 2015 WL 10818675 (W.D. Tex. July 30, 2015)..................8

*In re Volkswagen AG*,
   371 F.3d 201 (5th Cir. 2004) ...........................................................1, 4, 7

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008) ........................................................................... *passim*

*Wet Sounds v. Audio Formz, LLC*,
  No. 17-cv-141, 2017 WL 4547916 (W.D. Tex. Oct. 11, 2017)................................................8

*Word to Info, Inc. v. Facebook, Inc.*,
  No. 14-CV-04387, 2015 WL 13870507 (N.D. Tex. Jul. 23, 2015)..........................................13

*XY, LLC v. Trans Ova Genetics, LC*,
  No. 16-CA-00447, 2017 WL 5505340 (W.D. Tex. Apr. 5, 2017) .........................................10

**Statutes**

28 U.S.C. § 1400(b) ...........................................................................................................5

28 U.S.C. § 1404(a) ...........................................................................................................3

**Other Authorities**

Fed. R. Civ. P. 45(c)(1)(A-B) ...........................................................................................11

## I.     INTRODUCTION

This is a patent infringement case brought by ParkerVision, Inc. ("ParkerVision" or "Plaintiff"), a Florida corporation, against Texas Instruments, Incorporated ("TI" or "Defendant"), a Delaware corporation headquartered in Dallas, Texas.  The accused technology in this case relates to integrated circuits that use radio frequency down conversion technology, which extracts lower frequency signals from radio signals. Dkt. 1, ¶¶ 13-20.  This case should be transferred to the Northern District of Texas because "[t]he center of gravity of this action, focusing on the *Volkswagen* factors and the overriding convenience inquiry," is clearly in the Northern District of Texas, not in the Western District of Texas.  *In re Google LLC*, 58 F.4th 1379, 1385 (Fed. Cir. 2023).

Each of the factors enumerated in *Volkswagen* favors transferring this case to the Northern District of Texas.  Neither party has any meaningful connection to the Western District of Texas that would justify adjudicating this dispute in this District.  ParkerVision has no known connection to this District or to Texas more generally, nor has it alleged any such connection in its pleadings. More importantly, TI is headquartered in Dallas, its key sources of proof are located in Dallas, and a majority of the likely TI witnesses – including engineers who know about the key features of the accused products and TI personnel with knowledge of the sales and marketing – are based in Dallas.  Additionally, because TI's U.S. development activities relating to the accused products occurred entirely in Dallas, the Northern District of Texas has a local interest in this case.

TI respectfully submits that this case should be transferred to the Northern District of Texas.

II.    **FACTS**

ParkerVision filed this patent infringement lawsuit on May 18, 2023, accusing TI of infringing U.S. Patent Nos. 7,496,342 (the "'342 Patent"); 7,865,177 (the "'177 Patent"); and 9,118,528 (the "'528 Patent") (collectively, the "Asserted Patents") alleging that accused TI products are capable of down-converting a higher frequency electromagnetic radio frequency signal to a lower-frequency signal in the manner claimed in the Asserted Patents. Dkt. 1, ¶¶ 47, 62, 71.   ParkerVision separately sued three other Defendants in Waco – NXP, Realtek, and MediaTek – alleging infringement of the '177 and '528 Patents.   The Asserted Patents relate to "[m]ethods, systems, and apparatuses…for down-converting an electromagnetic signal…[by] accumulat[ing] the results of recursive operations and us[ing] the accumulated results to form a down-converted signal." Asserted Patents, Abstract.

A.    **Plaintiff ParkerVision**

Plaintiff ParkerVision is a Florida corporation with a principal place of business in Jacksonville, Florida.   D.I. 1 at ¶ 2.   According to ParkerVision's complaint, ParkerVision is the exclusive owner by assignment of all rights, title, and interest to the Asserted Patents. Dkt. 1, ¶¶ 38, 41, 44.   ParkerVision accuses "TI chips and any other TI product that is capable of down-converting a higher-frequency signal to a lower frequency signal" as claimed in the Asserted Patents, and specifically identifies the AFE76XX, AFE77XX, AFE79XX, and AFE80XX series transceivers.   Dkt. 1, ¶¶ 47, 62, 71.   ParkerVision provided its Infringement Contentions on December 6, 2023 identifying the same AFE series transceivers identified in its Complaint as infringing the Asserted Patents.   Dwyer Decl., ¶ 2.

B.      **Defendant TI**

TI is a Delaware corporation, headquartered in Dallas, Texas.  TI employs approximately 25 people in or around Dallas in its Wireless Infrastructure Group, which is responsible for the research and development of the accused products.  *See* Decl. of A. Kolla ¶ 6.  TI's management, application, system, testing, customer support, and part of its development teams for the Wireless Infrastructure Group are located in Dallas, while its design team and remainder of its development team is located in Bangalore, India.  *Id.*  TI has a management team of six employees in the Wireless Infrastructure Group.  *Id.*  These individuals in turn manage other TI employees within the Wireless Infrastructure Group, all of whom have knowledge of the design, development, and implementation of the accused features in the accused products.  *Id.*  Four members of the TI Wireless Infrastructure Group management team work in Dallas, where TI also maintains relevant technical documents.  *Id.*  The other two Wireless Infrastructure Group management team members are located abroad. *Id.*

Based on TI's understanding of ParkerVision's allegations, there are approximately twenty-five U.S.-based TI employees with knowledge of the functionality of the accused products who could be witnesses in this case.  *Id.*  All of the U.S.-based employees are located in Dallas. None are located in the Western District of Texas.

III.    **LEGAL STANDARD**

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit.  *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).  Under 28 U.S.C. § 1404(a), a party moving to transfer venue must first make a threshold showing that the claims "might have been brought" in the proposed transferee district.  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312-13 (5th Cir. 2008).  If the destination venue would have been a proper

venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (internal citation omitted); *In re Planned Parenthood Fed. of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022); *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).

The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d at 203. The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id*. The transferee venue need only be "*clearly* more convenient," not "*far* more convenient," for transfer to be appropriate. *In re Toyota Motor Corp.*, 747 F.3d 1338, 1341 (Fed. Cir. 2014) (emphasis in original).

The convenience of the witnesses is the most important factor in the transfer analysis. *In re Apple Inc.,* No. 2020-127, 2020 WL 3249953, at *2 (Fed. Cir. June 16, 2020); *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009); *Auto-Dril, Inc. v. Nat'l Oilwell Varco, L.P.*, No. 6:15-cv-00091, 2016 WL 6909479, at *7 (W.D. Tex. Jan. 28, 2016); *Lionra Tech. Ltd. v. Apple Inc.*, No. 22-cv-351, Dkt. 73, at 8 (W.D. Tex. May 9, 2023). "[I]n a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *see also In re Toyota Motor Corp.*, 747 F.3d at 1341; *In re*

*Apple, Inc.*, 581 F. App'x 886, 889 (Fed. Cir. 2014); *Genentech*, 566 F.3d at 1348; *In re TS Tech USA Corp.*, 551 F.3d. at 1322; *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 (Fed. Cir. Sep. 25, 2018). Indeed, it is reversable error for a district court to deny a transfer motion where a majority of the witnesses who worked on the accused features are located in the district of the transferee court. *In re Google LLC*, 58 F.4th at 1379. This is true even where there is a co-pending case against a different defendant involving the same technology in the judicial district of the transferor court. *Id*.

## IV.   THIS CASE SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF TEXAS

### A.   This Case Could Have Been Brought In the Northern District Of Texas

A party seeking to transfer venue must first show that venue would have been proper in the transferee court. Under 28 U.S.C. § 1400(b), venue is proper in the district in which a defendant "resides," and a domestic corporation resides in its State of incorporation for purposes of the patent venue statute. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 262 (2017). TI is incorporated in Delaware and is headquartered in Dallas, Texas, which is within the Northern District of Texas. Venue therefore would have been proper, and thus the case could have been brought, in the Northern District of Texas under 28 U.S.C. § 1400(b).

### B.   The Private Interest Factors Favor Transfer To The Northern District Of Texas

The private interests strongly favor transfer to the Northern District of Texas in this case because, as demonstrated herein, that is where the vast majority of the relevant witnesses and evidence are located.

#### 1.   The Attendance Of Willing Witnesses Strongly Favors Transfer

Perhaps the single most important factor in the transfer analysis is the convenience of willing witnesses. *See Apple Inc.*, 2020 WL 3249953, at *2; *In re Google Inc.*, No. 2017-107,

2017 WL 977038, at *3 (Fed. Cir. Feb. 23, 2017); *Genentech*, 566 F.3d at 1342; *Auto-Dril*, 2016 WL 6909479 at *7.  This factor strongly favors transfer here.

All of the U.S.-based TI witnesses who are most likely to testify regarding the issues in this case are located in the Northern District of Texas, while none are located in the Western District of Texas.  Kolla Decl. ¶¶ 9, 11.  This is because the U.S.-based employees in the Wireless Infrastructure Group that are responsible for the development of the accused products work in TI's Dallas facilities. Kolla Decl. ¶¶ 6, 9.  For example, five of the seven individuals with management positions in the Wireless Infrastructure Group are located in Dallas, and all of the US-based engineers with whom they work are similarly located in Dallas. Kolla Decl. ¶ 6.  None are located in the Western District of Texas.  Kolla Decl. ¶ 9.  These employees are part of the product and engineering teams that helped develop the accused technology, and therefore have unique technical knowledge of the accused functionality.  *Id*.  Moreover, both the Marketing and Applications Manager for the Wireless Infrastructure group and the Finance and Operations Director for the relevant strategic business unit that includes the Wireless Infrastructure Group are located in Dallas.  *Id*.  No one with direct knowledge of the sales, marketing, or finances of the accused products is located in Austin or the Western District of Texas. *Id*.

Additionally, ParkerVision cites to three IEEE articles published by TI as the basis of their infringement contentions. Dwyer Decl., ¶ 3, Ex. A-C.  The location of the authors of each of these articles is either in Dallas or in India.  *Id*.  Indeed, the articles indicate on its face that the vast majority of the authors are located in Dallas. None are indicated to be located in Austin or the Western District of Texas.  *Id*.

Therefore, the witnesses that have unique knowledge of the accused technology are all in Dallas (e.g., approximately 7.4 miles and a 13-minute drive to the N.D. Tex. Dallas Division

Courthouse), but approximately 108 miles and an almost two-hour drive to Waco. Dwyer Decl., ¶¶ 4, 5, Ex. D, E. Where the distance between two districts exceeds 100 miles, "the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen AG*, 371 F.3d at 204-05.

If this case remains in this District, these TI witnesses would spend days away from home and work, as opposed to several hours if the trial takes place in the Northern District of Texas. This travel burden is not insignificant and often is cited as a key reason why transfer is warranted. *See Volkswagen of Am.*, 545 F.3d at 317 ("Witnesses not only suffer monetary costs, but also the personal costs associated with being away from work, family and community."). Aside from the burden associated just with the travel time, these witnesses would be forced to incur additional burdens, such as meal and lodging expenses. *Volkswagen AG*, 371 F.3d at 204-05; *see also In re Acer Am. Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010) (in requiring party employees to travel for trial, the parties would likely incur significant expenses for airfare, meals, lodging, as well as losses in productivity from time spent away from work). Accordingly, it would be clearly more convenient for these Dallas-based witnesses to attend trial in the Northern District of Texas. *Volkswagen of Am.*, 545 F.3d at 317 (recognizing the "obvious conclusion" that "it is more convenient for witnesses to testify at home"); *see Apple*, 581 F. App'x at 889 (noting district court's failure to follow the 100-mile rule); *In re TS Tech USA Corp.*, 551 F.3d at 1320 ("The district court's disregard of the 100-mile rule constitutes clear error.").

TI is not aware of any relevant witnesses for ParkerVision in this District or anywhere else in Texas. Kolla Decl. ¶ 11. ParkerVision's pleadings simply allege that ParkerVision is incorporated and has its principal place of business in Florida. There are no allegations that ParkerVision has employees – or any other potential witnesses – in this District or anywhere in

Texas.  Additionally, the named inventors on ParkerVision's patents are listed as located in Jacksonville, Florida or Switzerland.  Dwyer Decl., ¶¶ 6-8, Ex. F-H.

Where, as here, the vast majority of likely witnesses are in the transferee district and none are in the transferor district, this factor strongly favors transfer.  *See MasterObjects, Inc. v. Facebook, Inc.*, No. 6:20-cv-00087-ADA, ECF No. 86 (W.D. Tex. July 13, 2021); *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at \*3; *Genentech*, 566 F.3d at 1343; *Wet Sounds v. Audio Formz, LLC*, No. 17-cv-141, 2017 WL 4547916, at \*3 (W.D. Tex. Oct. 11, 2017); *Via Vadis, LLC and AC Technologies, S.A., v. Netgear, Inc.*, No. 14-cv-809, 2015 WL 10818675, at \*2 (W.D. Tex. July 30, 2015); *Datascape, Ltd. v. Dell Techs., Inc.*, No. 6:19-cv-00129-ADA, 2019 WL 4254069, at \*2 (W.D. Tex. June 7, 2019); *Uniloc USA, Inc., and Uniloc Luxembourg, S.A., v. Apple Inc.*, No. 18-cv-990, 2019 WL 2066121, at \*3 (W.D. Tex. Apr. 8, 2019); *see also Polaris Innovations Ltd. v. Dell, Inc. and Nvidia Corp.*, No. 16-cv-451, 2016 WL 7077069, at \*9 (W.D. Tex. Dec. 5, 2016).  Indeed, this Court has transferred cases under similar circumstances to this case.  *See, e.g., Gesture Tech. Partners, LLC v. Apple Inc.*, No. 6:21-cv-00121-ADA, 2022 WL 3592451 (W.D. Tex. Aug. 22, 2022); *LoganTree LP v. Apple Inc.*, No. 6:21-cv-00397-ADA, 2022 WL 1491097 (W.D. Tex. May 11, 2022); *Mullen Indus. LLC v. Apple Inc.*, No. 22-cv-00145-ADA, 2023 WL 1486201 (W.D. Tex. Jan. 30, 2023); *Scramoge Tech. Ltd. v. Apple Inc.*, No. 6:21-cv-00579-ADA, 2022 WL 1667561 (W.D. Tex. May 25, 2022); *Togail Tech. Ltd. v. Apple Inc.*, No. 22-cv-00326-ADA, 2023 WL 2958607 (W.D. Tex. Apr. 5, 2023); *Apple Inc. v. Parus Holdings Inc.*, 2023 WL 2388047 (Fed. Cir. Mar. 7, 2023); *Silent Comm. LLC v. Adobe Inc.*, No. 22-cv-00527-ADA, 2023 WL 4167753 (W.D. Tex. Jun. 22, 2023).

ParkerVision may argue that the Court should nevertheless deny TI's transfer motion because, as it has alleged in its Complaint,  TI has an established place of business in this District.

*See* Dkt. 1, ¶ 9.  While it is true that TI has a sales office in Austin, this has little bearing on which forum is more convenient for the parties, particularly because none of the employees in TI's Austin office worked on or support the development of the accused products. Kolla Decl. ¶ 9.  The pertinent question here is where the relevant evidence and witnesses are located, and for the products accused in this case, the majority of witnesses and evidence are located in Dallas.  Under these facts, transfer is appropriate.  *See In re Google*, 58 F.4th at 1383-84; *Uniloc USA*, 2019 WL 2066121 at *3; *see also In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1379 (Fed. Cir. 2021) (concluding that the district court erred by giving "no weight to the presence of possible party witnesses in Northern California despite this court holding that the district court must consider those individuals", particularly where "likely witnesses are in Northern California and none in the Western District of Texas"); *In re Uber Techs.*, No. 2021-150, 2021 WL 2834574, at *2 (Fed. Cir. July 8, 2021) (concluding that the district court erred in "diminish[ing] the clear convenience of the Northern District of California."); *City of New Orleans Emps.' Ret. Sys. ex rel. BP P.L.C. v. Hayward*, 508 F. App'x 293, 297 (5th Cir. 2013) (affirming transfer to where "the relevant documents . . . could be found," despite presence of documents "of questionable relevance" in the transferor forum (internal quotations omitted)); *Volkswagen of Am.*, 545 F.3d at 315 (analyzing only location of documents "relating to the accident" at issue).

### 2. The Relative Ease Of Access To Sources Of Proof Strongly Favors Transfer

Courts in this District also consider the relative – not absolute – ease of access to sources of proof, such as documents and physical evidence in determining whether to transfer.  *See, e.g., In re Apple Inc.*, 979 F.3d 1332, 1339 (Fed. Cir. 2020).  "In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored."  *Fintiv Inc. v. Apple Inc.*, No. 6:18-cv-00372-ADA, 2019 WL 4743678, at *2 (W.D.

Tex. Sep. 10, 2019).  "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."  *Genentech*, 566 F.3d at 1345 (internal quotation and citation omitted).  "In determining the ease of access to sources of proof, the Court will look to the location where the allegedly infringing products were researched, designed, developed and tested." *XY, LLC v. Trans Ova Genetics, LC,* No. 16-CA-00447, 2017 WL 5505340, at *13 (W.D. Tex. Apr. 5, 2017); *Uniloc USA Inc. v. Box, Inc.*, No. 17-CV-754, 2018 WL 2729202, at *3 (W.D. Tex. June 6, 2018); *Collaborative Agreements, LLC. v. Adobe Sys. Inc.,* No. 14-CV-356, 2015 WL 10818739, at *4 (W.D. Tex. Aug. 21, 2015).  The "movant need not show that all relevant documents are located in the transferee venue to support a conclusion that the location of relevant documents favors transfer."  *In re Apple*, 979 F.3d at 1340.  Moreover, it is error not to consider "the location of document custodians and location where documents are created and maintained, which may bear on the ease of retrieval."  *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021); *see also In re Microsoft Corp.*, No. 2023-128, 2023 WL 3861078, slip op. at 5 (Fed. Cir. Jun. 7, 2023).

Here, nearly all of the relevant evidence related to the accused technology is located in Dallas, where the Wireless Infrastructure Group is located and maintains its records.  Kolla Decl. ¶ 8.  This factor weighs strongly in favor of transfer.  TI's research pertaining to the systems and applications of the accused features took place, and continues to take place, at TI's headquarters in Dallas.   Kolla Decl. ¶ 11 .  TI documents relating to the development, operation, testing, and customer support of the accused features were generated in Dallas and reside there today.  Kolla Decl. ¶ 8.

By contrast, there are no known relevant sources of proof in this District.  For example, none of TI's employees who were involved in the research, development, or design of the accused features are located in this District, and there are no TI employees located in this District that have knowledge of the accused technology.  Kolla Decl. ¶ 11.  There is no one in this District with direct knowledge of the sales, marketing, or finances of the accused products.  Nor are any of the relevant technical or marketing and sales documents located in this District.  Kolla Decl. ¶ 9.

### 3.    The Availability of Compulsory Process Favors Transfer

Another factor courts in this District consider in determining whether to transfer is the availability of compulsory process to secure the attendance of third-party witnesses who would be within the subpoena power of this District.  *See, e.g., Volkswagen of Am.*, 545 F.3d at 315.  A court has the power to subpoena a witness to attend trial only "([a]) within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or ([b]) within the state where the person resides, is employed, or regularly transacts business in person".  Fed. R. Civ. P. 45(c)(1)(A-B); *Gemalto S.A. v. CPI Card Grp. Inc.*, No. 15-CA-0910, 2015 WL 10818740, at *4 (W.D. Tex. Dec. 16, 2015). The Federal Circuit has held that "when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor.  *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3, n.1.  The ability to compel live trial testimony is crucial for evaluating a witnesses' testimony. *Aguilar-Ayala v. Ruiz*, 973 F.2d 411, 419 (5th Cir. 1992).

This factor favors transfer because the Northern District of Texas has a comparative advantage in being able to compel unwilling witnesses to attend trial.  TI is aware of several former TI employees, including applications engineers, product line manager, RF design engineer, who worked on AFE products, who live in or around Dallas and would be within the subpoena power

of the Northern District of Texas.  Kolla Decl., ¶ 10.  Accordingly, this factor also weighs in favor

of transfer.  *See, e.g., In re Hoffman-La Roche, Inc.*, 587 F.3d 1333, 1337-38 (Fed. Cir. 2009)

(transfer favored when transferee forum has absolute subpoena power over a greater number of

third-party witnesses); *Jawbone Innovations, LLC v. Google LLC*, No. 6:21-cv-00985-ADA, 2022

WL 12078627, at *6 (W.D. Tex. Oct. 20, 2022).

### 4.    "All Other Practical Problems" Is Neutral Or Favors Transfer

The final factor is either neutral or slightly favors transfer here.  Aside from this case,

ParkerVision has filed three separate lawsuits against different defendants in this District alleging

infringement of overlapping, but different, Asserted Patents.  Two defendants, NXP and Realtek,

have moved to dismiss.  *ParkerVision, Inc. v. NXP Semiconductors NV.*, 6:23-cv-00389, D.I. 24,

27, 28 (W.D. Tex.); *ParkerVision, Inc. v. Realtek Semiconductor Corp.*, 6:23-cv-00374, D.I. 34,

36, 37 (W.D. Tex.).  The remaining defendant, MediaTek, filed its Answer to ParkerVision's

complaint on September 22, 2023.  *ParkerVision, Inc. v. MediaTek, Inc.*, 6:23-cv-00375, D.I. 29

(W.D. Tex.).  ParkerVision filed a second suit against MediaTek on October 27, 2023.

*ParkerVision, Inc. v. MediaTek, Inc.*, 6:23-cv-00732, D.I. 11 (W.D. Tex.).  ParkerVision's second

case against MediaTek is related to the first case it filed against MediaTek, but it is not related to

the cases it filed against TI, NXP, or Realtek because it involves an entirely different patent

portfolio.  *Id*. at D.I. 2.  ParkerVision's second case against MediaTek has been assigned to Judge

Xavier Rodriguez.

While the other pending ParkerVision cases involve two common patents (the '117 and

'528 Patents), ParkerVision has accused completely unrelated devices of infringing the Asserted

Patents.  *See, e.g., ParkerVision, Inc. v. NXP Semiconductors NV.*, 6:23-cv-00389, D.I. 1, at ¶ 25

(accusing NXP chips for use in wireless devices); *ParkerVision, Inc. v. Realtek Semiconductor*

*Corp.*, C.A. No. 6:23-00374, Dkt. 1, at ¶ 25 (accusing Realtek Wi-Fi/802.11/Bluetooth chips used in televisions); *ParkerVision, Inc. v. MediaTek, Inc.*, 6:23-cv-00375, Dkt. 1, at ¶ 11; (accusing MediaTek 4G/5G/LTE chips and ETM chips). In any event, whatever incremental weight this factor might have, "judicial economy considerations could not undermine the clear case for transfer in light of the imbalance of other factors." *In re Google*, 58 F.4th at 1383; *see also In re Samsung Elecs. Co.*, 2 F.4th at 1380 (noting that "incremental gains" in judicial economy were not sufficient "to justify overriding the inconvenience to the parties and witnesses."); *Planned Parenthood*, 52 F.4th at 632 n.5 (declining to give significant weight to possibility of co-pending cases when those cases "involve[d] different parties[] [and] different claims," "although some factual issues may be similar").

### C. The Public Interest Factors Favor Transfer To The Northern District Of Texas

#### 1. The Local Interest Factor Strongly Favors Transfer To The Northern District Of Texas

Courts must evaluate whether there is a local interest in deciding the issues at home. *Volkswagen of Am.*, 545 F.3d at 317. "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 14-CV-04387, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015). "[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *In re Hoffman-La Roche Inc.*, 587 F.3d at 1338. "Important considerations include the location of the injury, witnesses, and the Plaintiff's residence." *Def. Distrib. v. Bruck*, 30 F.4th 414, 435 (5th Cir. 2022).

The local interest in having localized interests decided at home strongly favors transfer to the Northern District of Texas. TI is headquartered in Dallas, and all of its U.S. employees with knowledge of the accused products work there. ParkerVision does not appear to have any presence in the State of Texas, whatsoever. Nor does it appear that ParkerVision conducts any business

activities in Texas that relate to the accused technology.  Under these circumstances, ParkerVision has no meaningful presence in the Western District of Texas that should be given significant, let alone, comparable weight to the facts tying the litigation to Dallas, where TI is headquartered and where the accused technology was developed.  *In re Google*, 58 F.4th at 1384.

By contrast, as demonstrated *supra*, the events giving rise to this suit clearly have a particularized connection with the Northern District of Texas where TI developed the accused products, and thus where the events giving rise to the suit primarily took place.  *See Def. Distrib. v. Bruck*, 30 F.4th at 435 ("[T]he local interest in having localized interests decided at home, 'most notably regards not merely the parties' significant connections to each forum writ large, but rather the significant connections between a particular venue and the events that gave rise to a suit.'") (quoting *In re Apple Inc.*, 979 F.3d at 1345).

While ParkerVision may argue that this District is appropriate because TI has a facility in Austin, as this Court has previously found, "this factor focuses on the events giving rise to the suit, instead of where a party maintains a footprint."  *In re Gesture Tech. Partners, LLC,*  6:21-cv-121-ADA, 2022 WL 3592451, at *6.

### 2.    The Administrative Difficulties Flowing From Court Congestion Is Neutral And Cannot Outweigh The Showing Of Convenience

The administrative difficulties flowing from court congestion factor is neutral under the facts of this case, and cannot outweigh the overwhelming showing of convenience here.  The Western District of Texas and the Northern District of Texas both have busy dockets.  While the average time to trial in the Western District of Texas is slightly faster than in the Northern District of Texas (~27 months versus ~33 months, respectively), (Dwyer Decl. ¶¶ 9-11, Ex. I-K), far more patent cases are filed in the Western District of Texas than in the Northern District of Texas (525 patent cases filed in the Western District of Texas in 2023 compared to 61 patent cases filed in the

Northern District of Texas in 2023) (*id*.).  Moreover, the difference in time to trial lacks any meaningful significance in this case, since ParkerVision does not appear to be currently engaged in product competition in the marketplace.  *See In re Google*, 58 F.4th at 1383 (holding that this factor should not weigh against transfer when the plaintiff "is not engaged in product competition in the marketplace and is not threatened in the market in a way that, in other patent cases, might add urgency to case resolution").  Indeed, ParkerVision has not asked for an injunction in its prayer for relief, further demonstrating that there is no urgency in resolving this case.  There is no evidence of "any other basis on which to accord significance to whatever greater speed the district court … could reach trial as compared to [the Northern District of Texas]".  *Id.*  Under these circumstances, this factor is, at most, neutral.  *Id.*

### 3.    Familiarity With The Governing Law And Conflicts Of Law Are Neutral

The last two public interest factors are neutral – there are no perceived conflicts of law, and both districts are equally qualified to apply patent law.  *In re TS Tech. USA Corp.*, 551 F.3d at 1320-21.

## V.    CONCLUSION

For the foregoing reasons, TI respectfully requests that the Court transfer this case to the Northern District of Texas, Dallas Division.

Dated: December 20, 2023

Respectfully Submitted,

 _/s/ Garland Stephens by permission Andrea L. Fair_
Garland Stephens
  LEAD ATTORNEY
  Texas Bar No. 24053910
  garland@bluepeak.law
Robert Magee
  California Bar No. 271443
  robert@bluepeak.law
Anna Dwyer (to be admitted _pro hac vice_)
  New York Bar No. 5334875
  anna@bluepeak.law
Richard Koehl
  Texas Bar No. 24115754
  richard@bluepeak.law

BLUE PEAK LAW GROUP LLP
3139 West Holcombe Blvd, PMB 8160
Houston, TX  77025
Telephone: 281-972-3036

Of Counsel:
WARD SMITH & HILL, PLLC
Andrea L. Fair
Texas State Bar No. 24078488
E-mail: andrea@wsfirm.com
1507 Bill Owens Pkwy
Longview, Texas 75604
Phone: (903) 757-6400
Fax: (903) 757-2323

_Attorneys for Defendant Texas Instruments, Inc._

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically via the court's CM/ECF system.  Therefore, this document was served via email on all counsel of record who are deemed to have consented to electronic service on this the 20th day of December, 2023.

*/s/ Andrea L. Fair*
Andrea L. Fair

## CERTIFICATE OF CONFERENCE

Under Rule CV-7(i) movants certify that counsel for the parties met and conferred in a good-faith attempt to resolve the matter by agreement. Because Plaintiffs oppose movants' request for relief, the parties could not agree.

*/s/ Andrea L. Fair*
Andrea L. Fair